### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------

EUSEBIO GARCIA                                  :
4833 N. Leithgow Street                         :
Philadelphia, PA 19120                          :          CIVIL ACTION NO.: _____
                                                :
                            Plaintiff,          :          **JURY TRIAL DEMANDED**
            v.                                  :
                                                :
RANCHITOS RESTAURANT LLC d/b/a                  :
THE RANCHITO PICKIN CHICKEN                     :
4745 Rising Sun Avenue                          :
Philadelphia, PA 19120; AND                     :
                                                :
ISIDRO GOMEZ                                    :
2427 W. Lehigh Avenue                           :
Philadelphia, PA 19132                          :
                                                :
                            Defendants.         :

---------------------------------------------------------

## COMPLAINT – CIVIL ACTION

Plaintiff, Eusebio Garcia ("Plaintiff"), by and through his undersigned counsel, for his

complaint against Defendants Ranchitos Restaurant LLC d/b/a The Ranchito Pickin Chicken

("Defendant Ranchitos") and Isidro Gomez ("Defendant Gomez") (collectively, "Defendants"),

alleges as follows:

1.      Plaintiff brings this action contending that Defendants have violated his rights

under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Pennsylvania

Minimum Wage Act ("PMWA"), 43 P.S. 333.100, *et seq.* by failing to pay him at a rate not less

than the minimum wage for all hours worked and not less than the greater of 1.5 times his

regular rate of pay or the minimum wage for all hours worked over forty (40) in a workweek.

Plaintiff further contends that Defendant Ranchitos discriminated against him and ultimately

terminated his employment because of his disability, past record of impairment, and/or because

Defendants regarded him as disabled in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* Finally, Plaintiff contends that Defendant Ranchitos wrongfully discharged him in violation of Pennsylvania public policy for asserting his rights under the Pennsylvania Workers' Compensation Act.

## PARTIES

2.     Plaintiff Eusebio Garcia is a legal resident of the United States and currently maintains a residence at 4833 N. Lithgow Street, 1st Floor, Philadelphia, PA 19120.

3.     Upon information and belief, Defendant Ranchitos Restaurant LLC d/b/a The Ranchito Pickin Chicken is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania, with an office address registered with the Pennsylvania Secretary of State of 4745 Rising Sun Avenue, Philadelphia, PA 19120. Upon information and belief, Defendant Ranchitos Restaurant LLC owns and operates multiple restaurant locations within the City of Philadelphia, including, but not limited to, The Ranchito Restaurant, Pickin Chicken, located at 2427 W. Lehigh Avenue, Philadelphia, PA 19132, and The Ranchito, located at 4745 Rising Sun Avenue, Philadelphia, PA 19120.

4.     Upon information and belief, Defendant Gomez is the owner and managing member of Defendant Ranchitos Restaurant LLC. Upon information and belief, Defendant Gomez maintains operational control over the business locations owned and operated by Defendant Ranchitos Restaurant LLC (including the locations identified above in paragraph 3), exercising control, both directly and indirectly, over the terms and conditions of employment, work schedules, payroll, and compliance with federal and state wage and hour laws, of the employees of Defendant Ranchitos Restaurant LLC, including, but not limited to, Plaintiff.

5.      Upon information and belief, Defendant Gomez is an "employer" of Plaintiff for purposes of the FLSA and PMWA because he has operational control over significant aspects of Defendant Ranchitos Restaurant LLC's day-to-day functions, such as workplace conditions, personnel status changes, and compensation, during the time period giving rise to this action, and was ultimately responsible for ensuring Defendant' Ranchitos Restaurant LLC's compliance with the FLSA and PMWA.

6.      Defendants Ranchitos Restaurant LLC and Isidro Gomez are "private employers" and covered by the FLSA and PMWA.

7.      During the course of his employment with Defendants, Plaintiff was engaged in commerce within the meaning of the FLSA in that he performed work involving goods purchased and/or ordered from locations outside of Pennsylvania.

8.      Plaintiff was employed by Defendant Ranchitos Restaurant LLC and Defendant Isidro Gomez during all relevant times hereto and, as such, Plaintiff was an employee entitled to the FLSA's protections.  See 29 U.S.C. § 203(e).

## JURISDICTION AND VENUE

9.      Paragraphs 1 through 8 are hereby incorporated by reference as though the same were fully set forth at length herein.

10.     On or about June 13, 2016, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission (the "EEOC"), thereby satisfying the requirements of 42 U.S.C. § 12117(a); 2000e-5(b) and (e).  Plaintiff's EEOC Charge was docketed as Charge No. 530-2016-03154.

11.     By correspondence dated May 17, 2017, Plaintiff received a Notice of Right to Sue from the EEOC regarding his Charge, advising him that he had ninety (90) days to file suit against Defendant Ranchitos.

12.     On or about July 24, 2017, within the relevant statutory timeline, Plaintiff filed the instant matter.

13.     Plaintiff has therefore exhausted his administrative remedies and has complied with all conditions precedent to maintaining this action.

14.     This action is authorized and instituted pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq*. and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

15.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

16.     This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as Plaintiff's ADA and FLSA claims.

17.     The venue in this District is proper pursuant to 28 U.S.C. § 1391, inasmuch as the events giving rise to this action occurred in this District.

## FACTUAL ALLEGATIONS PERTAINING TO PLAINTIFF'S WAGE AND HOUR-RELATED CLAIMS

18.     Paragraphs 1 through 17 are hereby incorporated by reference as though the same were fully set forth at length herein.

19.     Plaintiff first began his employment with Defendants in or around October 2014, when he was hired as Cook.

20.     In his capacity as Cook, Plaintiff's typical schedule with Defendants was as follows: Monday, Tuesday, Thursday, and Sunday, 7:00 AM to 11:00 PM, and Wednesday and Friday, 3:00 PM to 11:00 PM.

21.     Accordingly, during a typical workweek, Plaintiff worked approximately eighty (80) hours per week.

22.     By way of example, during the workweek of September 14, 2015 to September 20, 2015, Plaintiff worked the schedule described above in paragraph 20.  However, despite working forty (40) hours of overtime, Plaintiff did not receive any overtime compensation.

23.     Moreover, on various occasions, Plaintiff also worked six (6) days a week from 7:00 am to 11:00 pm, for a total of ninety six (96) hours per week.

24.     Despite the fact that Plaintiff typically thus worked at least forty (40) hours of overtime per week, Defendants did not pay Plaintiff at a rate not less than 1.5 times his "regular rate" of pay as required by the FLSA and PMWA.

25.     Instead, Plaintiff received a flat rate per shift worked, which varied only based on whether Plaintiff worked a 16 hour shift (for which he received $100) or an 8 hour shift (for which he received $50).

26.     As a result, during a typical workweek, Plaintiff received only $500.00 for approximately eighty (80) hours of work, amounting to an hourly rate of $6.25 per hour, a full $1.00 below the minimum wage prescribed by both the FLSA and PMWA.

27.     During the course of Plaintiff's employment with Defendants (i.e. October 2014 to October 2015), the minimum wage prescribed by the FLSA and PMWA was $7.25 per hour.

28.     Upon information and belief, Defendants did not accurately track Plaintiff's work hours and did not keep or maintain accurate records regarding Plaintiff's actual hours worked.

29.     Plaintiff's primary job duties consisted of manual labor relating to food preparation.

30.     Plaintiff was not compensated on a salary or fee basis, and, as such, did not qualify for the exemption for executive, administrative, or professional employees under the FLSA or PMWA.

31.     Plaintiff did not have the authority to hire or fire or exercise any managerial or supervisory authority over other employees of Defendants.  As such, Plaintiff did not qualify for the executive exemption from overtime under the FLSA or PMWA.

32.     Plaintiff did not perform non-manual or office work related to Defendants' general business operations or management, nor did he exercise discretion or independent judgment as to matters of significance to Defendants.  As such, Plaintiff did not qualify for the administrative exemption from overtime under the FLSA or PMWA.

33.     Plaintiff's primary job duty was not the performance of work requiring advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction.  As such, Plaintiff did not qualify for the professional exemptions from overtime under the FLSA or PMWA.

34.     Furthermore, there are no other exemptions from overtime or the minimum wage under the FLSA or PMWA that are even potentially applicable to Plaintiff.

35.     Plaintiff was thus a non-exempt employee of Defendants and was entitled to receive compensation at a rate not less than the minimum wage prescribed by the FLSA and PMWA for all hours worked and overtime compensation at 1.5 times the greater of (a) his regular rate of pay or (b) the minimum wage, for each hour worked over forty (40) in a workweek.

36.     Despite the fact that Plaintiff typically worked approximately eighty (80) hours per week, Plaintiff did not receive overtime compensation for work performed in excess of forty (40) hours per week.

37.     Additionally, Defendants also failed to pay Plaintiff at a rate not less than the minimum wage in violation of the FLSA and PMWA.

38.     As a result of Defendants' willfully unlawful practices as described above, Plaintiff has suffered damages.

## FACTUAL ALLEGATIONS PERTAINING TO PLAINTIFF'S DISCRIMINATION/WRONGFUL DISCHARGE CLAIMS

39.     Paragraphs 1 through 38 are hereby incorporated by reference as though the same were fully set forth at length herein.

40.     In or around October 2015, Plaintiff seriously cut his hand with a knife while engaged in his job duties at work.

41.     Plaintiff's cut soon became inflamed and, as a result of his injury, Plaintiff was unable to grasp or grip anything with his hand, rendering it difficult and/or impossible for him to perform his normal job duties as a cook.

42.     Plaintiff's doctor informed him that, while surgery or therapy could potentially restore his hand to working condition within one to two weeks, which would allow him to return to work, if he did not obtain intensive treatment soon, his hand could remain incapacitated for an indefinite period.

43.     Plaintiff's hand injury constituted a physical impairment which substantially limited Plaintiff in several major life activities including, but not limited to, performing manual tasks and working.

7

44.     Plaintiff promptly notified his supervisor, Mr. Gomez, about his injury and the time he needed to heal and obtain treatment.

45.     Plaintiff requested a brief medical leave of absence from work in order to recover from his disabling injury and indicated he would be seeking medical treatment for his work-related injury.

46.     Rather than engage in an interactive process with Plaintiff to ascertain whether Defendant Ranchitos could accommodate Plaintiff's disability by providing light duty or a reasonable medical leave of absence, Defendant Ranchitos chose to fire Plaintiff.

47.     On or around October 21, 2015, Mr. Gomez sent the following message to Plaintiff in response to the latter's request for a medical leave of absence, "I'm sorry but my business is how I maintain my family. You and I cannot continue working together. You are not the right person for me to continue growing my business. Thank you for everything. As a friend, yes, but as boss to employee, no."

48.     Accordingly, it is believed and therefore averred that Defendant Ranchitos terminated Plaintiff's employment because of his disability, because it regarded Plaintiff as disabled, and/or because of his past record of impairment in violation of the ADA.

49.     It is further averred that Defendant Ranchitos wrongfully discharged Plaintiff's employment for attempting to exercise his rights under the Pennsylvania Workers' Compensation Act, and/or because it believed Plaintiff intended to file a workers compensation claim petition, to seek wage loss benefits, and/or to seek medical reimbursement for his treatment.

50.     Defendant Ranchitos failed to provide Plaintiff with a reasonable accommodation for his disability and failed to engage in the interactive process to determine such reasonable accommodations.

51.     As a result of Defendant Ranchitos' deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, earnings and earnings potential, loss of potential bonuses, and other economic damages, and has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to his reputation.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C § 201,** *et seq.*
**FAILURE TO PAY OVERTIME COMPENSATION**

52.     Paragraphs 1 through 51 are hereby incorporated by reference as though the same were fully set forth at length herein.

53.     Pursuant to Section 206(b) of the FLSA, all employees must be compensated for every hour worked in a workweek.

54.     Moreover, Section 207(a)(1) of the FLSA states that employees must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

55.     Defendants failed to pay Plaintiff overtime compensation for each hour he worked over forty (40) in a workweek at a rate not less than the greater of 1.5 times his regular rate of pay or 1.5 times the minimum wage.

56.     The foregoing actions of Defendants and the policies and practices of Defendants violate the FLSA.

57.      Defendants' actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

58.      Defendants are liable to Plaintiff for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C.  216(b), as well as reasonable attorney's fees, costs, and expenses.

**WHEREFORE**, as a result of the unlawful conduct of the Defendants, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants and grant the maximum relief allowed by law, including, but not limited to:

a)      Adjudicating and declaring that Defendants violated the FLSA by failing to pay compensation and/or overtime pay to Plaintiff for compensable hours worked over forty (40) in a workweek;

b)      Awarding Plaintiff back pay wages and/or overtime wages in an amount consistent with the FLSA;

c)      Awarding Plaintiff liquidated damages in accordance with the FLSA;

d)      Awarding Plaintiff reasonable attorney's fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

e)      Awarding pre- and post-judgment interest and court costs as further allowed by law;

f)      Such other and further relief as is just and equitable under the circumstances.

**COUNT II**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C § 201, *et seq.***
**FAILURE TO PAY MINIMUM WAGES**

59.      Paragraphs 1 through 58 are hereby incorporated by reference as though the same were fully set forth at length herein.

60.     Pursuant to Section 206(b) of the FLSA, all employees must be compensated at a rate not less than the minimum wage for every hour worked in a workweek.

61.     Defendants failed to pay Plaintiff at a rate not less than the minimum wage for all hours worked.

62.     The foregoing actions of Defendants and the policies and practices of Defendants violate the FLSA.

63.     Defendants' actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

64.     Defendants are liable to Plaintiff for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C.  216(b), as well as reasonable attorney's fees, costs, and expenses.

**WHEREFORE**, as a result of the unlawful conduct of the Defendants, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants and grant the maximum relief allowed by law, including, but not limited to:

a)      Adjudicating and declaring that Defendants violated the FLSA by failing to pay minimum wages to Plaintiff for all compensable hours worked;

b)      Awarding Plaintiff back pay wages in an amount consistent with the FLSA;

c)      Awarding Plaintiff liquidated damages in accordance with the FLSA;

d)      Awarding Plaintiff reasonable attorney's fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

e)      Awarding pre- and post-judgment interest and court costs as further allowed by law;

f)      Such other and further relief as is just and equitable under the circumstances

## COUNT III
## PENNSYLVANIA MINIMUM WAGE ACT OF 1968
### 43 P.S. § 333, *et seq.*
### FAILURE TO PAY OVERTIME COMPENSATION

65.     Paragraphs 1 through 64 are hereby incorporated by reference as though the same were fully set forth at length herein.

66.     The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees. See 43 P.S. § 333.113.

67.     The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one and one half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek. See 43 P.S. § 333.113.

68.     By their actions alleged above, Defendants have violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation.

69.     As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, as a result of the unlawful conduct of the Defendants, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants and grant the maximum relief allowed by law, including, but not limited to:

a)     An award to Plaintiff for the amount of unpaid overtime compensation to which he is entitled, including interest thereon, and penalties subject to proof;

b)     An award to Plaintiff of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

12

c)      An award to Plaintiff for any other damages available to her under applicable

Pennsylvania law, and all such other relief as this Court may deem proper.

### COUNT IV
### PENNSYLVANIA MINIMUM WAGE ACT OF 1968
### 43 P.S. § 333, *et seq.*
### FAILURE TO PAY MINIMUM WAGES

70.     Paragraphs 1 through 69 are hereby incorporated by reference as though the same

were fully set forth herein.

71.     The Pennsylvania Minimum Wage Act provides that employers must pay certain

"minimum wages" to their employees. See 43 P.S. §§ 333.104 and 333.113.

72.     By their actions alleged above, Defendants have violated the provisions of the

Pennsylvania Minimum Wage Act of 1968 by failing to pay Plaintiff at a rate not less than the

minimum wage for all hours worked.

73.     As a result of Defendants' unlawful acts, Plaintiff has been deprived of minimum

wages in amounts to be determined at trial, and is entitled to recovery of such amounts, together

with interest, costs and attorney's fees pursuant to the Pennsylvania Minimum Wage Act of

1968, 43 P.S. § 333.113.

**WHEREFORE**, as a result of the unlawful conduct of the Defendants, Plaintiff

respectfully requests that this Court enter judgment in his favor and against Defendants and grant

the maximum relief allowed by law, including, but not limited to:

a)      An award to Plaintiff for the amount of unpaid minimum wages to which he is

entitled, including interest thereon, and penalties subject to proof;

b)      An award to Plaintiff of reasonable attorney's fees and costs pursuant to the

Pennsylvania Minimum Wage Act; and

c)   An award to Plaintiff for any other damages available to him under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

## COUNT V
## AMERICANS WITH DISABILITIES ACT
## 42 U.S.C. § 12101, *et seq.*
## DISCRIMINATION & RETALIATION
## (Not as to Individual Defendant Gomez)

74.   Paragraphs 1 through 73 are hereby incorporated by reference as though the same were fully set forth at length herein.

75.   At all times relevant hereto, Plaintiff was an employee of Defendant Ranchitos within the meaning of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

76.   Upon information and belief, at all times relevant hereto, Defendant Ranchitos had fifteen (15) or more employees.

77.   Plaintiff is a qualified individual with a disability within the meaning of the ADA.

78.   As described in Paragraph 43 above, Plaintiff's hand injury is a physical impairment that substantially limited Plaintiff in one or more major life activity.

79.   Defendant Ranchitos was aware of Plaintiff's disability, record of disability/impairment, and/or regarded Plaintiff as being disabled within the meaning of the ADA.

80.   Defendant Ranchitos failed to engage in the interactive process required by the ADA for determining whether Plaintiff could have been given a reasonable accommodation (e.g. in the form of a brief medical leave of absence) which would have allowed him to perform the essential functions of his job.

81.   Upon information and belief, Plaintiff has since been replaced by a non-disabled individual.

14

82.     By reason of the foregoing, Defendant Ranchitos, through its agents, officers, servants, and/or employees have violated the ADA by discharging Plaintiff because of his disability, his record of disability/impairment, and/or or because they regarded him as being disabled within the meaning of the ADA.

83.     As a result of Defendant Ranchitos' deliberate, unlawful, and malicious acts as set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings, earnings potential, raises, other significant economic benefits, emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant Ranchitos, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant Ranchitos, and grant him the maximum relief allowed by law, including, but not limited to:

a)      Back wages, front pay, and bonuses in an amount to be determined at trial, but no less than one hundred and fifty thousand dollars ($150,000);

b)      Monetary compensation for the amounts expended by Plaintiff on health insurance premiums;

c)      Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant Ranchitos for its intentional, negligent, willful, wanton, and/or malicious conduct;

d)      Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

e)      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law.

f)      Pre-judgment interest in an appropriate amount;

g)      Such other and further relief as is just and equitable under the circumstances.

### COUNT VI
### WRONGFUL DISCHARGE IN VIOLATION OF
### PENNSYLVANIA PUBLIC POLICY
### (Not as to Individual Defendant Gomez)

84.      Paragraphs 1 through 83 are hereby incorporated by reference as if the same were fully set forth at length herein.

85.      In October 2015, during the course and scope of his employment, Plaintiff suffered a work-related injury.

86.      Plaintiff's work-related injury caused Plaintiff to require medical care and treatment.

87.      Plaintiff provided Defendant Ranchitos with notice of the work-related injury and, upon information and belief, reported the same to his treating physician as an injury sustained in the course and scope of his employment.

88.      Defendant unlawfully violated the public policy exception to Pennsylvania's common law tradition of at-will employment by unlawfully terminating Plaintiff's employment in retaliation for Plaintiff's attempts to avail himself of the benefits of the Pennsylvania Worker's Compensation Law.

89.      Plaintiff's termination was in violation of public policy pursuant to Pennsylvania common law.

**WHEREFORE,** as a result of the unlawful conduct of Defendant Ranchitos, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

a)      Back wages, front pay, and bonuses in an amount to be determined at trial, but no less than one hundred and fifty thousand dollars ($150,000.00);

b)      Compensatory damages and lost benefits;

c)      Punitive damages for Defendant Rachitos' discriminatory practices which were committed with malicious and reckless indifference to Plaintiff's rights;

d)      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law;

e)      Pre-judgment interest in an appropriate amount; and

f)      Such other and further relief as is just and equitable under the circumstances.

### JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.


Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: _Michael Groh_

Michael Murphy, Esquire
Michael Groh, Esquire
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-021
mgroh@phillyemploymentlawyer.com
Attorneys for Plaintiffs

Dated:   July 24, 2017

## DEMAND TO PRESERVE EVIDENCE

The Defendants are hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation